UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GEOSTAR CORP., and WEST VIRGINIA
GAS CORP.,

                Plaintiffs,

                                                  Case Number 07-12854-BC
v.                                               Honorable Thomas L. Ludington

GASTAR EXPLORATION LTD., and
J. RUSSELL PORTER,

                Defendants.
                                                /

**ORDER GRANTING IN PART PLAINTIFF GEOSTAR'S MOTION FOR
RECONSIDERATION, VACATING IN PART THE COURT'S JANUARY 15, 2008
ORDER, GRANTING IN PART DEFENDANT GASTAR'S MOTION FOR A MORE
DEFINITE STATEMENT, GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED
COMPLAINT, AND  DIRECTING PLAINTIFF TO FILE RESPONSE BRIEFS TO
DEFENDANT'S MOTION FOR RECONSIDERATION**

Presently before the Court are Plaintiff Geostar Corporation's ("Geostar") and Defendant J. Russell Porter's ("Porter") motions for reconsideration. Previously, Porter and Defendant Gastar Exploration Limited ("Gastar") filed motions to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b). The Court heard oral arguments on November 30, 2007 and issued an order on January 15, 2008. Both Geostar and Porter filed motions for reconsideration of that order pursuant to E.D. Mich. LR 7.1(g).

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605,

624 (E.D. Mich. 2001). The local rules provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

In Geostar's motion for reconsideration, it contends that the Court incorrectly dismissed Counts IV and V of the amended complaint for failure to state a claim. Counts IV and V alleged that Gastar did not provide payment for services rendered by Geostar. Count IV alleged a breach of an oral contract, whereas, Count V alleged unjust enrichment, in the alternative. In the Court's previous order, it found that Plaintiffs did not "include[] the requisite factual specificity to adequately inform Defendants of the substance of their allegations." Dkt. # 32 at 14. Geostar asserts that Counts IV and V, as plead, met the minimal requirements of notice pleading. FED. R. CIV. P. 8. Upon review, the Court disagrees with Geostar and concludes that Counts IV and V do not meet the minimum standards as set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

Alternatively, Geostar asserts that the Court incorrectly granted Defendants' Rule 12(b)(6) motion with respect to Counts IV and V. Instead, the Court should have granted Defendants' motion for more definite statement. FED. R. CIV. P. 12(e). See *Wright v. Sodexo Marriot Serv.*, 30 Fed. Appx. 566, *1 (6th Cit. 2002) (unreported); see also *E.E.O.C. v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993). Geostar asserts that the Court acknowledged that Counts IV and V alleged the basic elements of the causes of action, but found the complaint to lack factual specificity. The Court agrees with Geostar that the appropriate course of action would have been to grant Defendants' Rule 12(e) motion with respect to Counts IV and V, instead of Defendants' Rule 12(b)(6) motion. Thus, the Court will allow Plaintiffs to file an amended complaint and will vacate its previous order in part

with respect to the dismissal of Counts IV and V.

Porter's motion for reconsideration contends that the Court incorrectly found his motion to dismiss for improper venue to be moot. FED. R. CIV. P. 12(b)(3). Upon review of the Court's earlier order, it recognizes that it did not substantively address Porter's improper venue challenge and incorrectly concluded it to be moot. The Court will revisit Porter's motion to dismiss with respect to Rule 12(b)(3). Additionally, Porter asserts that the Court incorrectly determined that Michigan courts may exercise personal jurisdiction over Porter with respect to Count I of the amended complaint. The Court finds that a response brief would aid the Court in addressing the issues raised in Porter's motion for reconsideration. E.D. Mich. LR 7.1(g)(2).

Accordingly, it is **ORDERED** that Plaintiff Geostar's motion for reconsideration [Dkt. # 36] is **GRANTED** in part and **DENIED** in part. The Court's January 15, 2008 order is **VACATED** in part with respect to the dismissal of Counts IV and V of Plaintiffs' amended complaint.

It is further **ORDERED** that Defendant Gastar Exploration Limited's motion for a more definite statement [Dkt. # 5] is **GRANTED** in part. Plaintiff may file an amended complaint **on or before February 22, 2008.**

It is further **ORDERED** that Plaintiffs may file a response brief to Defendant J. Russell Porter's motion for reconsideration **on or before February 19, 2008**. The response brief may **not exceed ten (10) pages**. Defendants shall not file a reply brief.

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: February 8, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS