UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GEOSTAR CORP., and WEST VIRGINIA
GAS CORP.,

          Plaintiffs,

                                      Case Number 07-12854-BC

v.                                   Honorable Thomas L. Ludington

GASTAR EXPLORATION LTD., and
J. RUSSELL PORTER,

          Defendants.

_____/

## ORDER DENYING DEFENDANT PORTER'S MOTION FOR RECONSIDERATION AND ALTERNATIVE MOTION FOR IMMEDIATE APPEAL

Presently before the Court are Defendant J. Russell Porter's ("Porter") motion for reconsideration and alternative motion for immediate appeal [Dkt. # 35]. Previously, Porter filed a motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b). The Court heard oral arguments on November 30, 2007 and issued an order on January 15, 2008. On January 30, 2008, Porter filed a motion for reconsideration of that order pursuant to E.D. Mich. LR 7.1(g), contending that the Court committed palpable errors with respect to Porter's motion to dismiss.

Plaintiffs Geostar Corporation ("Geostar") and West Virginia Gas Corporation ("WVGC") filed a six count complaint alleging tortious interference with contract ("Count I"), breach of an oral contract ("Count IV"), and unjust enrichment ("Count V").[1] Plaintiffs named Porter as a defendant with respect to Count I only. Moreover, the Court dismissed Geostar as a plaintiff with respect to

_____

[1] The parties dismissed the remaining counts of the amended complaint by stipulations entered into on December 12, 2007 [Dkt. # 28] and February 5, 2008 [Dkt. # 37].

Count I.

Count I of the second amended complaint alleges that Porter tortiously interfered with a WVGC contract. Dkt. # 42 at ¶¶ 9-33. Allegedly, WVGC entered into an agreement ("Spartan Contract") with Spartan Exploration, Inc., Milton Otteman, and Scott McAlpin (collectively "Spartan") to form "an area of mutual interest" between the parties. *Id.* at ¶ 12. The area of mutual interest was comprised of Spartan's and WVGC's gas and oil rights in West Virginia and Pennsylvania. *Id.* Under the Spartan Contract, WVGC had the right of refusal of any gas or oil opportunity discovered by Spartan in West Virginia or Pennsylvania to WVGC. *Id.*

According to the declaration of Geostar's President Thom Robinson, Gastar hired Porter as COO in September of 2000. Dkt. # 17-3. Apparently, Porter served as a vice president for Geostar, during this period as well. Porter served in both capacities until February of 2004 when Robinson stepped down as President and CEO of Gastar due to illness. *Id.* Porter resigned his position as a vice-president at Geostar and replaced Robinson as Gastar's President and CEO. *Id.*

According to the second amended complaint, Porter began to interfere with the Spartan Contract in November of 2004 by influencing Otteman. Dkt. # 42 at ¶¶ 16, 21. Allegedly, Porter used his own time, money, and expertise to establish Bengal Resources LLC ("Bengal"), a West Virginia Limited Liability Corporation, for the purposes of usurping WVGC's gas and oil opportunities from the Spartan Contract. *Id.* at ¶ 22. WVGC alleges Porter "personally benefitted" from the breach. *Id.* at ¶ 31.

In the Court's January 15, 2008 order, the Court concluded Count I did not state a claim against Gastar because the allegations related to Porter's conduct without demonstrating a nexus with his capacity as a Gastar executive. Additionally, the Court found that Michigan courts have

personal jurisdiction over Porter with respect to Count I pursuant to Michigan's long-arm statute. See Mich. Comp. Laws § 600.705.

Porter's motion to dismiss raised numerous challenges, including lack of the personal jurisdiction, FED. R. CIV. P. 12(b)(2) and improper venue, FED. R. CIV. P. 12(b)(3). Porter maintains the Court erred in concluding a federal court sitting in the Eastern District of Michigan may exercise personal jurisdiction over him and by omitting attention to Porter's assertion that Michigan is an improper venue for adjudication of Count I of Plaintiffs' complaint. On February 8, 2008, the Court issued an order acknowledging it did not address Porter's Rule 12(b)(3) challenge, and directed Plaintiff's to file a response brief to Porter's motion for reconsideration. WVGC filed a response brief on February 19, 2008.

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). The local rules provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

A

In the Court's January 15, 2008 opinion, the Court concluded that Porter was subject to personal jurisdiction in Michigan courts. Upon review, the Court finds that Porter merely reasserts the argument advanced in his earlier motion and has not demonstrated a palpable error by the Court. As discussed in the Court's previous order, to sufficiently establish personal jurisdiction in a matter

based on diversity of citizenship, the plaintiff must demonstrate that the Court has personal jurisdiction over the defendant under the state's long-arm statute and that exercising jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 888 (6th Cir. 2002) (citation omitted). Porter has not illustrated the Court's error.

First, Porter does not offer authority disputing that Count I alleges that Porter "caus[ed] an act to be done, or consequences to occur, in the state resulting in an action for tort." Mich Comp. Laws § 600.705(2). Though Porter disputes an alternative basis of Michigan's long-arm statute relied upon by the Court, he failed to convince the Court that Porter's contacts do not meet the requirements of subsection (2).

Second, Porter contends that the "mere fact that WVGC has its principle place of business in Michigan is insufficient, as a matter of law, to support personal jurisdiction over Porter." Dkt. # 35 at 16. The Sixth Circuit applies the following three part test in determining whether personal jurisdiction comports with Due Process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (quoting *S. Mach. Co. v. Mohasco Indus.*, *Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

The first prong requires a showing that the defendant "purposely availed himself of the privilege of acting in the forum state *or* causing a consequence in the forum state." *Id.* at 551 (emphasis added). Here, the allegations in this matter demonstrate that Porter's conduct caused the

tortious consequence within the state, and thus, meeting the purposeful availment requirement.

Next, "the plaintiff's cause of action must 'arise from' the defendant's contacts with the forum state." *Id.* at 553. The *Air Products* Court explained the flexible nature of the "arises from" requirement as follows:

> We have articulated the standard for this prong in a number of different ways, such as whether the causes of action were "made possible by" or "lie in the wake of" the defendant's contacts, *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 909 (6th Cir. 1988), or whether the causes of action are "related to" or "connected with" the defendant's contacts with the forum state, *Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir.2003) (quoting *Third Nat. Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1091 n. 2 (6th Cir.1989)). In addition, we have characterized this standard as a "lenient standard" and have explained that the cause of action need not "formally" arise from defendant's contacts. *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir.2002).

*Id.* Moreover, a cause of action that is "made possible by and would not have existed but for [the defendant's] relationship with [the plaintiff]" meets the arises from standard. In the instant matter, WVGC alleges, and the record supports, that Porter became aware of the Spartan contract through his employment as Geostar's land manager. WVGC claim for tortious interference was "made possible by" Porter's tenure as Geostar's vice president and land manager.

The final prong is essentially a "reasonableness" test, "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 554 (citation omitted). "In determining whether the exercise of jurisdiction is reasonable, the court should consider, among others, the following factors: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy." *Id.* at 554-55 (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir.2005).

Porter does not offer any fact specific justification for his assertion that exercising personal jurisdiction would "offend traditional notions of fair play and substantial justice." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 313 (1980) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Thus, the Court concludes that Michigan courts may exercise personal jurisdiction over Porter with respect to Count I.

B

Next, the Court reviews Porter's motion to dismiss for improper venue. As stated above, the Court acknowledged that it did not substantively address that challenge in its January 15, 2008 order. Thus, the Court will review Porter's Rule 12(b)(3) motion to dismiss under the applicable standard, and not the elevated "palpable error" standard applied to motions for reconsideration.

In a diversity action, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Though the most substantial portion of the events may occur in one district, venue may still be proper in any forum where a substantial portion of the events occurred. *First of Michigan v. Bramlet*, 141 F.3d 260, 263-64 (6th Cir. 1998). It is proper for a district court to determine venue by "considering whether the forum the plaintiffs chose had a substantial connection to their claim" rather than "bas[ing] its determination . . . on a single occurrence which directly gave rise to the plaintiff's action." *Id.* at 264 (citation omitted).

Here, the Court finds that the Eastern District of Michigan is a proper venue to adjudicate Count I. In light of the holding in *First of Michigan*, the Court recognizes that it must evaluate whether there is a substantial connection to this district. Count I alleges that Porter, while employed by Geostar, was the land manager in charge of the project and had detailed knowledge of the Spartan

contract. Dkt. # 2 at ¶ 15. Moreover, Porter has not disputed WVGC's assertion that Porter participated in the negotiations surrounding the Spartan Contract. These allegations demonstrate that Porter, while employed for the Michigan based Geostar, gained knowledge of the transaction and participated in the negotiations and execution of the Spartan contract.

C

Finally, Porter requested leave to file an interlocutory appeal in the event the Court denied his motion for reconsideration. A district judge may allow a party to appeal an order if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In light of the Court's conclusions, Porter has not demonstrated that an interlocutory appeal is warranted. The Court does not find that Porter has demonstrated a "substantial ground for difference of opinion." The Court's analysis relied on relevant Sixth Circuit law. To the Court's knowledge, Porter has not offered contrary Supreme Court or Sixth Circuit precedent demonstrating a substantial difference of opinion. Thus, the Court finds that Porter has not satisfied the requirements of 28 U.S.C. § 1292(b).

Accordingly, it is **ORDERED** that Defendant J. Russell Porter's motion for reconsideration and alternative motion for immediate appeal [Dkt. # 35] are **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 26, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 26, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS